

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

COLLIS MARTIN,

    Plaintiff,

vs.

JOHN DOE, et al.,

    Defendants.

Case No. 3:08-CV-00133-BES-(VPC)

**ORDER**

    The Court has reviewed Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 and finds that this action must be dismissed.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980).

Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

The Complaint contains two counts. In Count I, Plaintiff alleges that his conviction for grand larceny is invalid because the value of the items that he stole is less than $250, but that the prosecution illegally included the sales tax to increase the value to greater than $250. Regardless of whether Plaintiff seeks monetary damages or a reversal of his conviction, his sole federal remedy is through a petition for a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In Count II, Plaintiff claims that his state-court habeas corpus petition was dismissed after a hearing at which he was not present. Errors in the state-court post-conviction procedure are not addressable in federal court. Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989).

IT IS THEREFORE ORDERED that this action is **DISMISSED** without prejudice for the failure to state a claim upon which relief may be granted. The Clerk of the Court shall enter judgment accordingly.

DATED: This 29th day of April, 2009.

BRIAN SANDOVAL
United States District Judge